IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 04-489 |
| : | |
| NORVEL VAS, : | |
|        Defendant. : | |

MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                      October 13th, 2009

        Defendant Norvel Vas was convicted of possession of a firearm by a convicted felon, an offense codified in 18 U.S.C. § 922(g)(1),[1] by this Court on February 8, 2007. The issue presently before the Court is Defendant's Petition for "Equitable Tolling" Due to Appellant's Counsel or Any Court Failure to Notify Appellant of the Denial of Petition for Writ of Certiorari from the U.S. Supreme Court.[2] In this Petition, Defendant asks for an extension of the one-year period in which to file a collateral attack of his conviction under 28 U.S.C. § 2255.[3] Upon consideration of Defendant's Petition and the Government's Opposition,[4] the Petition will be **DISMISSED**, as the Court lacks authority to consider such a request for extension of time when no § 2255 motion has been filed.

---

[1] 18 U.S.C. § 922(g)(1) (2005).

[2] Doc. No. 201.

[3] 28 U.S.C. § 2255 (2008).

[4] Doc. No. 202.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As we write for the parties, our recitation of the facts is abbreviated. The history of this matter is well known to the parties and codified in United States v. Vas, 2007 U.S. Dist. LEXIS 40461 (D. Pa. June 4, 2007) and United States v. Vas, 313 Fed. Appx. 559 (3d Cir. 2009). This criminal matter commenced on August 24, 2004, upon the return of a one-count indictment by the grand jury charging Defendant with a violation of 18 U.S.C. § 922(g)(1). After a trial by jury on the charged indictment, in which Defendant represented himself, with stand-by counsel appointed throughout the trial, the Defendant was adjudged guilty.

Defendant was thereafter sentenced on May 9, 2007 to 120 months imprisonment (the mandatory minimum sentence), three (3) years supervised release, and a $100 special assessment. He appealed his conviction in the Third Circuit Court of Appeals, and the judgment of this Court was affirmed on January 29, 2009. Defendant filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court denied the petition on June 1, 2009, but Defendant claims that he was not notified of said denial until September 14, 2009. He avers that he wrote his attorney at some earlier date asking about the petition, and received no response. Defendant then contacted the Third Circuit Court of Appeals, which sent him a docket sheet with an entry pertaining to the Supreme Court denial of certiorari. He received the docket sheet on September 14, 2009. As a result of the delayed notice, Defendant now asks for equitable tolling of the time period allowed by law to file a habeas corpus petition pursuant to 28 U.S.C. § 2255. In his filing, Defendant does not address any substantive grounds for habeas corpus relief.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[5] defendants have one-year from "the date on which the judgment of conviction becomes final" to file a collateral attack.[6] In the instant case, that period began to run on June 1, 2009, upon the denial by the Supreme Court of Defendant's petition for a writ of certiorari.[7] Although Defendant claims that he lost a substantial amount of time waiting for communication regarding whether his petition for writ of certiorari had been granted, at the date of this Order Defendant still has several months to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, there is no need to address his particular arguments because the Court cannot address the merits of the instant Petition at this time.

Relevant precedent dictates that a federal court lacks authority to consider the timeliness of a § 2255 petition until the petition has been filed because there must be a case or controversy before the court.[8] Therefore, it follows that "a court only has authority to consider a motion for extension for time . . . if the petitioner articulated grounds for habeas corpus relief."[9] Defendant did not state grounds for relief in his instant submission to the Court. Thus, there is no jurisdiction to consider Defendant's Petition; he only indicated that he was *planning* to file a § 2255 petition, but has not yet filed one at this time.

Defendant is within his rights to file a § 2255 petition with grounds for habeas corpus

---

[5] 28 U.S.C. §§ 2241-66; see also Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005).

[6] See id. § 2255(f)(1) (2008).

[7] See Karpal v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

[8] See Anderson v. Pa. AG, 82 Fed. Appx. 745, 749 (3d Cir. Pa. 2003) (citing Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001)).

[9] See United States v. Bronson, 2009 U.S. Dist. LEXIS 53912 at *9-10 (W.D. Pa. June 25, 2009).

relief.  Defendant is aware of his deadline to file such a motion if he desires to do so.

An appropriate Order follows.