IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. 04-489 |
| v. : | |
| : | CIVIL ACTION NO. 16-2805 |
| NORVEL VAS, : | |
| Defendant. : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                        June 13, 2017

Before the Court is Defendant Norvel Vas's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255.[1] For reasons that follow, the Court will deny the motion without an evidentiary hearing.[2]

## I. PROCEDURAL HISTORY

In ruling on Defendant's appeal of his conviction and sentence, the Third Circuit concisely stated the background of this case as follows:

> In October 2002, three law enforcement officers in plain clothes spotted Vas while patrolling a high crime area of Philadelphia in an unmarked car at approximately 8:00 p.m. Vas immediately ducked behind a parked car and peered over his sunglasses at the officers. Officer Eric Riddick then alighted from the car and Vas ran. After checking the area near the car, Riddick walked in the direction that Vas had run, and saw him in a nearby driveway, placing a gun in the wheel well of a vehicle. After Riddick was joined by another officer, they identified themselves and told Vas they wanted to talk to him. Vas ran again, the officers retrieved the gun, and Vas was arrested at a nearby residence.[3]

---

[1] Although Defendant is no longer in custody, the Court retains jurisdiction over the motion because Defendant is serving a three-year term of supervised release. *See United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) ("We have made plain that a petitioner on supervised release is 'in custody' for purposes of § 2255.").

[2] "In evaluating a federal habeas petition, a District Court must hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Kenley*, 440 F. App'x 78, 80 (3d Cir. 2011) (citing 28 U.S.C. § 2255(b)). If the record as a whole "conclusively show[s] that the prisoner is entitled to no relief," a court is not required to hold an evidentiary hearing. *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (quoting *Gov't of the V.I. v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984)) (internal quotation marks omitted). Here, the Court finds that the record as a whole conclusively establishes that Defendant is not entitled to relief. Accordingly, the Court will deny the Motion without an evidentiary hearing.

[3] *United States v. Vas*, 313 F. App'x 559, 560 (3d Cir. 2009).

Vas was subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[4]

The procedural history of this case is lengthy, comprising two trials and numerous motions. As this Court explained in its Opinion on Vas's first § 2255 motion:

> Vas's first trial began on October 25, 2005. Moments before the jury selection process was to begin, Vas informed the Court through counsel that he "wish[ed] to proceed *pro se* and have [Patrick Egan, Esq.] as backup counsel." The Court denied Vas's request to proceed *pro se*. Moments later, Vas requested again that he be allowed to represent himself. The Court heard argument on Vas's open-court, impromptu motion to proceed *pro se*, but denied the motion. Vas proceeded to trial represented by Mr. Egan and, after a two-day trial, was convicted for violating 18 U.S.C. § 922(g)(1).
>
> On November 7, 2005, Vas timely filed several *pro se* post-conviction motions and Mr. Egan filed a Motion for New Trial. Mr. Egan then withdrew as counsel, and Edward Meehan, Esq. was appointed. Vas, through Mr. Meehan, filed a second Motion for New Trial. In a Memorandum Opinion and Order filed on May 31, 2006, the Court granted Vas's Motion for a New Trial, holding that the Court erred by not conducting a full inquiry into Vas's request to proceed *pro se*, as required by *Faretta v. California*.[5]
>
> Vas's second trial began on February 5, 2007. Before jury selection, Vas made a request to represent himself at trial. The Court conducted an extensive colloquy with Vas, and concluded that Vas was competent to represent himself at trial. The Court appointed Mr. Meehan as back-up counsel. Trial proceeded, and the jury rendered its guilty verdict on February 8, 2007.
>
> Vas did not file any post-trial motions, but filed a *pro se* Notice of Appeal. On August 31, 2007, David Rudenstein was appointed to represent Vas on appeal. Mr. Rudenstein challenged the sufficiency of the evidence at trial, and the Court's denial of Vas's motion to suppress physical evidence. The Court of Appeals affirmed the judgment of conviction and sentence.[6]

---

[4] *Id.*

[5] 422 U.S. 806, 835 (1975) (holding that when a defendant chooses to represent himself, he must first be informed of the implications of doing so); *see also United States v. Peppers*, 302 F.3d 120, 135 (3d Cir. 2002) (setting forth a line of questioning for a proper *Faretta* inquiry and instructing that a defendant must be "informed of *all* risks and consequences associated with his decision for self-representation"); *United States v. Jones*, 452 F.3d 223, 234 (3d Cir. 2006) ("Although no scripted recital is required for this inquiry, we do require that all of the subjects covered in the model questions set forth in *Peppers* be fully explored in the inquiry, to the extent those subjects are relevant.").

[6] Doc. No. 258 at 2-4 (Opinion on First § 2255 Motion).

Vas then timely filed his first § 2255 motion, which he later amended. As amended, the motion spanned over 150 pages and raised nineteen grounds for relief. Defendant's claims mainly concerned: (1) the Government's failure to provide him access to the arresting officers' personnel files and other police documents; (2) the alleged false testimony of the arresting officers; (3) the purported violation of Defendant's right to self-representation; (4) the Court's denial of Defendant's request to provide the jury with additional evidence after closing arguments; (5) the failure of counsel to file post-trial motions; (6) alleged errors in sentencing; (7) the Court's failure to recuse itself from the case; and (8) a request to be resentenced in light of the recent reversal of his state murder conviction by the Superior Court of Pennsylvania.[7] The Court denied his motion except as to the resentencing issue, and granted Defendant a new sentencing hearing.[8] At the resentencing hearing on June 10, 2013, the Court imposed a within-guidelines sentence of 120 months. Defendant appealed the judgment and sentence, and, through appointed appellate counsel, sought a certificate of appealability on one of the rejected grounds in the § 2255 motion—whether the Court erred in refusing to provide him access to Officer Moore's disciplinary file. The Third Circuit denied a certificate of appealability and rejected the appeal, affirming the Court's sentence of June 10, 2013.[9]

Defendant has now filed a second § 2255 motion, raising two grounds for relief: (1) the Court erred by allowing Defendant to represent himself at his resentencing, and appellate counsel was ineffective for failing to raise the Court's error on appeal; and (2) appellate counsel was

---

[7] Doc. No. 225 (Amended § 2255 Motion).

[8] Because the Court found that Defendant had not made a "substantial showing of the denial of a constitutional right" with regard to the other eighteen claims, the Court denied a certificate of appealability. Doc. No. 293 (January 15, 2014 Order).

[9] *See* Doc. Nos. 301 (order denying certificate of appealability); 307 (judgment affirming sentence).

3

ineffective for failing to raise the issues presented in Defendant's first § 2255 motion (and denied by this Court) in the Third Circuit.[10]

## II. STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[11] "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[12]

Defendant's claims concern asserted error by the Court and ineffective assistance of counsel. Where the movant's claim for relief is based on the ineffectiveness of his counsel, the court must determine whether all non-frivolous claims, if true, conclusively fail to establish that counsel was ineffective.[13] The movant must demonstrate both that his attorney's performance was deficient and that the deficiency caused him prejudice to establish that counsel was ineffective.[14] This requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[15] Such

---

[10] Doc. No. 311.

[11] 28 U.S.C. § 2255(a).

[12] *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

[13] *Gov't of the V.I. v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994).

[14] *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007).

[15] *Strickland*, 466 U.S. at 687.

deficiency prejudices the defense only where "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[16]

## III. DISCUSSION

### A. Ground One: Self-Representation at Re-Sentencing

Defendant first argues that the Court erred by allowing him to represent himself at his re-sentencing without first conducting an appropriate colloquy, and that appellate counsel was ineffective for failing to raise this issue in the Third Circuit.

As noted, the Court conducted a thorough *Faretta* colloquy before Defendant's second trial. Where "circumstances have sufficiently changed since the date of the *Faretta* inquiry that the defendant can no longer be considered to have knowingly and intelligently waived the right to counsel[,]" a renewed *Faretta* inquiry is necessary.[17] Here, there is no indication that the circumstances have so changed, or that Defendant's waiver at the resentencing hearing was not made knowingly, voluntarily, or intelligently. At no point did Defendant express a desire to revoke his *pro se* status; on the contrary, he repeatedly reaffirmed his choice and continued to represent himself at his first sentencing hearing, throughout the prosecution of his first § 2255 motion, and at his resentencing hearing. The following exchange occurred at the start of the June 10, 2013 resentencing hearing:

> THE COURT: But, first, before we start talking about the substance of the sentencing –
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: – I need to know if you wish to continue to represent yourself?

---

[16] *Shedrick*, 493 F.3d at 299 (citation and internal quotation marks omitted).

[17] *United States v. Hantzis*, 625 F.3d 575, 581 (9th Cir. 2010); *see also United States v. Norwood*, 566 F. App'x 123, 126 (3d Cir. 2014) ("Absent an express revocation of the criminal defendant's waiver or some other change in circumstances, a district court has no standing obligation to revisit the waiver question and conduct another *Faretta* colloquy at a later stage in criminal proceedings.").

>THE DEFENDANT: Yes ma'am. I mean, yes, I mean I haven't –
>
>THE COURT: You don't have backup counsel today either. Do you still wish to represent yourself?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: Are you sure you're ready?
>
>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: All right. Then I would like you to be sworn in.
>
>THE DEFENDANT: Yes.[18]

It is thus clear from the record that the Court confirmed that Defendant wished to continue to represent himself at the outset of the hearing. "[H]aving proceeded *pro se* for a number of years in this case, [Defendant] has demonstrated a keen understanding of the implications and ramifications of his decision to proceed *pro se*."[19] Because Defendant has not shown that a change in circumstances warranted a renewed *Faretta* colloquy, a more detailed colloquy was not necessary.

As to appellate counsel's failure to raise this issue on direct appeal, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."[20] Because Ground One lacks merit, appellate counsel's failure to raise it does not render his performance ineffective.[21]

---

[18] Resentencing Tr. (6/10/13) at 7-8.

[19] *Norwood*, 566 F. App'x at 126.

[20] *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

[21] *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal").

Defendant argues that counsel should have relied on *United States v. Salemo* in raising the self-representation issue on appeal. 61 F.3d 214, 221-22 (3rd Cir. 1995). In *Salemo*, the Third Circuit held that the court failed to conduct a proper colloquy before allowing the defendant to represent himself at sentencing, where the defendant had previously been represented at trial. Because, as discussed above, the Court had conducted a thorough colloquy

## B. Ground Two: Failure of Counsel to Raise Arguments on Appeal

Next, Defendant claims appellate counsel was ineffective because he failed to raise the issues presented in Defendant's first § 2255 motion, which this Court had denied, in the Third Circuit. A § 2255 motion is considered "second or successive" if it challenges the same judgment as a prior § 2255 motion.[22] A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it.[23] Thus, the Court cannot consider Defendant's motion to the extent it constitutes a second or successive petition because Defendant did not seek permission from the Third Circuit before filing it. Ground Two of Defendant's motion is successive because, unlike Ground One, it arises from the judgment that was the subject of his first § 2255 motion.[24]

Once a district court determines that a filing constitutes a second or successive habeas petition, it may either dismiss the petition for lack of subject matter jurisdiction or transfer it to the court of appeals as an application to file a second or successive petition.[25] In making this decision, courts consider whether the movant has "alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based

---

before the second trial and confirmed Defendant's wish to continue *pro se* at the start of the resentencing hearing, *Salemo* is inapplicable.

[22] *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) ("[W]e determine whether a petition is 'second or successive' by looking at 'the judgment challenged'") (quoting *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010)).

[23] *See* 28 U.S.C. § 2255(h); *Magwood*, 561 U.S. at 330-31.

[24] *See United States v. Hawkins*, 614 F. App'x 580, 581-82 (3d Cir. 2015) (per curiam) (denying habeas relief to successive petition because it "attack[ed] the same criminal judgment" as the prior petition) (citing *Winkelman*, 746 F.3d at 135.

[25] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

upon newly discovered evidence or a new rule of constitutional law."[26] Defendant has not done so.[27] Accordingly, the Court will dismiss this portion of his motion without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant conclusively fails to establish that the Court erred or that his appellate counsel was ineffective. As a result, his motion will be denied in part and dismissed in part without a hearing. Because Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[28]

---

[26] *Hatches v. Schultz*, 381 Fed. App'x 134, 137 (3d Cir. 2010) (citing 28 U.S.C. § 2255(h)).

[27] Ground Two of Vas's Motion, titled "Ineffective counsel for failing to raise issues," states: "Counsel failed to raise issues presented in [Defendant's first § 2255 motion] that were denied in district court. (The B.O.P. has mishandled petitioners [sic] legal documents thus petitioner cannot give specifics at this time[.)]" Doc. No. 311 at 7. It is unclear how the alleged mishandling of files by the Bureau of Prisons affected Defendant's ability to be more specific, especially considering Defendant was on supervised release at the time of filing. *Id.* at 1.

[28] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).